### APPEAL OF CHARLES H. LILLY CO.

Docket No. 605.    Submitted June 20, 1925.    Decided October 28, 1925.

*Cassius E. Gates, Esq.,* for the taxpayer.
*Ward Loveless, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency of $4,877.18 in income and profits taxes for the fiscal year ended July 31, 1920. The petition alleges that the Commissioner erred in disallowing as deductions from gross income the amount of $35,000, paid as commissions on the sale of its capital stock, and certain amounts paid as dues to a luncheon club. On motion of counsel for the taxpayer made at the hearing the allegation as to luncheon club dues was dismissed, leaving in issue only the question of whether commissions paid on sales of capital stock may be deducted as ordinary and necessary expenses or whether such amounts should be capitalized. From the stipulation filed and the evidence offered at the hearing the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Delaware corporation with its principal place of business at Seattle, Wash. It was organized in 1905 and is engaged in the business of manufacturing flour, feed, and fertilizer, and wholesaling garden and field seed.

2. The capital stock of the taxpayer for the years prior to the fiscal year ended. July 31, 1919, was $400,000. As of July 31, 1919, the end of its fiscal year, its surplus was $185,203.54, its total current assets were $728,498.19 and its total current liabilities $454,885.90. Of the current assets $456,077 was in inventory, and of the current liabilities $400,000 was in notes payable.

3. The company had for some time been keeping in funds by selling its own six months' notes in the market. For these funds it paid the current rate of interest plus a commission of one-fourth of 1 per cent or one-half of 1 per cent per year. The notes outstanding on the last day of each month, in addition to current accounts payable, were as follows:

| | | | |
|---|---:|---|---:|
| July 31, 1919 | $400,000 | Feb. 28, 1920 | $1,235,000 |
| Aug. 31, 1919 | 630,000 | Mar. 31, 1920 | 1,110,000 |
| Sept. 30, 1919 | 730,000 | Apr. 30, 1920 | 645,000 |
| Oct. 31, 1919 | 1,045,000 | May 31, 1920 | 545,000 |
| Nov. 30, 1919 | 1,145,000 | June 30, 1920 | 395,000 |
| Dec. 31, 1919 | 1,120,000 | July 31, 1920 | 290,000 |
| Jan. 31, 1920 | 1,270,000 | | |

At the time the outstanding notes first exceeded the amount of $1,000,000, in October, 1919, the taxpayer's liabilities were largely in excess of its capital and surplus. Its inventories were increasing and its profits for the previous year had been practically nil.

4. The taxpayer's bankers advised it that it would be necessary to raise $350,000 of additional capital in order to retire a portion of its outstanding notes. The taxpayer concluded, on advice of its bankers, that it could not rely upon the discounting of notes as a means of raising funds and, in October, 1919, entered into negotiations looking toward the authorization of a preferred stock issue of $750,000 and the issuance and sale of $350,000 thereof.

5. George H. Burr & Co. agreed to sell the preferred stock issue of $350,000 for a commission of $35,000, upon condition that the preferred stock should be entitled to certain rights and privileges which were included in article four of the articles of incorporation of the taxpayer.

Payment for the preferred stock was received April 15, 1920, and the entire proceeds were used to pay notes payable.

The taxpayer paid George H. Burr & Co. a 10 per cent commission, or $35,000, for selling the issue of preferred stock.

DECISION.

The determination of the Commissioner is approved.